IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                   |   |                        |
|-----------------------------------|---|------------------------|
| **ASENATH E. ROUT,**              | * |                        |
| Plaintiff,                        | * |                        |
|                                   | * | Case No.: RWT 09cv3117 |
| v.                                | * |                        |
| **FIRST SAVINGS MORTGAGE CORP.,** | * |                        |
| Defendant.                        | * |                        |

## MEMORANDUM OPINION

On October 22, 2009, Plaintiff Asenath E. Rout, proceeding pro se, filed a Complaint against Defendant First Savings Mortgage Corporation ("FSMC") in the Circuit Court for Prince George's County, Maryland. See Compl. (Paper No. 2). In broad strokes, the Complaint alleges that FSMC failed to disclose or misrepresented certain alleged material facts relating to a $954,450 loan that FSMC approved for Plaintiff so that Plaintiff could acquire a lot and build a home in Upper Marlboro, Maryland. See id. Plaintiff seeks to have the promissory note canceled, the deed of trust extinguished, and that she be obligated to FSMC in an amount no greater than ten percent of the whole loan amount. See id. at ¶ 31.

FSMC removed the action from the Circuit Court for Prince George's County to this Court, see Notice of Removal (Paper No. 1), and moved to dismiss the Complaint, see Def.'s Mot. To Dismiss (Paper No. 7). Plaintiff filed a motion to remand the case to Circuit Court, see Pl.'s Am. Mot. To Remand (Paper No. 11), a motion to strike FSMC's filings in this Court, see Pl.'s Mot. To Strike (Paper No. 14), and a motion for leave to file a sur-reply opposing FSMC's motion to dismiss, see Pl.'s Mot for Leave (Paper No. 19). For the reasons provided here, the

Court will, by separate order, deny Plaintiff's motions to remand and to strike FSMC's filings, and grant Plaintiff's motion for leave to file a surreply and FSMC's motion to dismiss.

## I. Plaintiff's Motion To Remand

FSMC properly removed this action from the Circuit Court for Prince George's County, Maryland pursuant to this Court's diversity jurisdiction. See 28 U.S.C. 1332 (providing a federal district court with jurisdiction over a suit between diverse parties with an amount in controversy over $75,000). Plaintiff is a resident of Maryland, FSMC is a Virginia corporation, and Plaintiff seeks more than $75,000. See Notice of Removal, at ¶ 4. Therefore, Plaintiff's "Amended Opposition To Removal of Civil Action," which is in effect a motion to remand, will be denied.

## II. FSMC's Motion To Dismiss

Rule 12(b)(6) provides that, upon motion of a defendant, a court may dismiss a plaintiff's claim for relief when plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). When considering such a motion, the court considers all well-pled allegations in the complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and construes the factual allegations in the light most favorable to the plaintiff, see Lambeth v. Bd. of Comm'rs of Davidson County, 407 F.3d 266, 268 (4th Cir. 2005). To survive a motion to dismiss, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). The plaintiff must set forth facts demonstrating that relief is plausible. Id.

Plaintiff's Complaint is comprised of nine (9) virtually unintelligible claims against FSMC: breach of contract (Count I), fraud (Count II), deceptive trade practices (Count III), negligent misrepresentation (Count IV), usury (Count V), lack of standing of Defendant to enforce the rights of foreclosure (Count VI), breach of contract—misrepresentation of material

facts (Count VII), breach of supplemental provisions of a contract (Count VIII), and void and unlawful lien (Count IX). None of these claims is cognizable for the following reasons.

### A. Counts I–IV

The breach of contract, fraud, deceptive trade practices, and negligent misrepresentation claims seem to be based on the allegation that FSMC did not disclose to Plaintiff that FSMC's risk in approving her for a loan of $954,450 was ten percent of that amount (i.e., $95,445). See, e.g., Compl. ¶ 8. Plaintiff alleges that the interest on the loan should have been calculated based upon FSMC's risk exposure, rather than the whole loan amount. See, e.g., id. ¶ 9. Plaintiff does not identify, and the Court is not aware of, any cognizable duty imposed upon FSMC to disclose to Plaintiff its risk exposure in providing loans or any basis for her belief that the interest on the FSMC loan must be assessed based on FSMC's risk exposure. Because Plaintiff has failed to set forth facts demonstrating that FSMC breached a contractual duty or intentionally or negligently made false statements of material fact, Counts I–IV must fail.

### B. Count V

Plaintiff claims that the 9.635% interest rate on the loan constitutes usury. See Compl. ¶ 43. Plaintiff is incorrect. Pursuant to § 12-1003 of the Maryland Commercial Code, which the Court assumes applies to the Plaintiff's loan arrangement with FSMC, "[a] credit grantor may charge and collect interest on a loan at any daily, weekly, monthly, annual, or other periodic percentage rate as the agreement, the note, or other evidence of the loan provides if the effective rate of simple interest is not in excess of 24 percent per year." Md. Code Ann., Com. Law § 12-1003 (West 2010). Because the alleged rate of 9.635% is less than the maximum chargeable rate of 24%, Count V fails.

### C. Count VI

Plaintiff asserts under Count VI that FSMC lacks standing to enforce the rights of contract in foreclosure because it has not shown possession of the promissory note and deed of trust. See Compl. ¶ 44. FSMC need not come forward with the loan documents because it is not seeking to enforce them; it is simply defending a suit brought against it. See Suss v. JP Morgan Chase Bank, N.A., Civil Action No. WMN-09-1627, 2009 WL 2923122, *4 (D. Md. Sept. 10, 2009) (stating that standing is not relevant to proceedings where the lender is not seeking affirmative relief). This case is not a foreclosure action instituted by the FSMC, and no cause of action exists regarding FSMC's "lack of standing."

### D. Count VII

In this breach of contract claim, Plaintiff seems to say that the promissory note is invalid and unenforceable because she had not received the loan proceeds at the time she signed the promissory note. See Compl. ¶ 77. Yet, Plaintiff acknowledges that she received the benefit of the loan proceeds and also fails to allege any damage resulting from her signing of the promissory note before the loan proceeds were funded. See Pl.'s Opp'n 17 (Paper No. 13). Thus, Count VII also fails to pass muster.

### E. Count VIII

In her third and final breach of contract claim, Plaintiff contends that the loan documents are ambiguous because they set forth her name in all capital letters and refer to another entity by the same name. See Compl. ¶ 189. These assertions are nonsensical and must be dismissed.

### F. Count IX

The remaining Count of Plaintiff's Complaint alleges that the FMSC lien is invalid because she did not sign a "UCC-1 Form." See Compl. ¶¶ 201–04. FSMC was not required to

have a UCC-1 form signed. Mortgages on real property are governed by the Real Property Article of the Maryland Code, not the Uniform Commercial Code. Accordingly, Count XI will also be dismissed.

### III.     Plaintiff's Other Motions

Plaintiff moves to strike FSMC's filings because the caption sets forth her name in all capital letters. See Pl.'s Mot. To Strike, at 1. The motion is clearly frivolous and will be denied. Plaintiff's also moves for leave to file a 30-page surreply. See Pl.'s Mot. for Leave, at 1. Even though the additional 30 pages do little more than rehash Plaintiff's prior arguments, the Court will grant her motion for leave to file a surreply.

### IV.     Conclusion

For the foregoing reasons, the Court will, by separate order, grant FSMC's Motion To Dismiss [Paper No. 7], deny Plaintiff's Amended Motion To Remand [Paper No. 11], deny Plaintiff's Motion To Strike FSMC's Filings [Paper No. 14], and grant Plaintiff's Motion For Leave To File a Surreply [Paper No. 19].


Date:  May 5, 2010

                                             /s/
                                    ROGER W. TITUS
                              UNITED STATES DISTRICT JUDGE